DEBORA INEZ JACKSON *v.* MICHAEL WAYNE JACKSON

5-6151                                          489 S.W. 2d 805

Opinion delivered February 5, 1973

*R. Scott Campbell,* for appellant.

*George M. Callahan* and *Eudox Patterson,* for appellee.

CONLEY BYRD, Justice. This is a child custody case arising out of a teenage marriage. At the time of the hearing appellant Debora Inez Jackson and appellee Michael Wayne Jackson were only 18, and the baby Ronald Wayne Jackson was nine months old. The Chancellor awarded the custody to the father on the conditions that he reside in his parents' home and that Mrs. Cleo Jackson, the father's mother cease her employment and take care of the child. Visitation was given to the mother in the home of the maternal grandparents each Saturday and Sunday. For reversal appellant contends:

"I. Irrelevant testimony concerning Debora's life before she married Michael was introduced into the record.

II. Custody should not be awarded to a party who does not appear in court to testify.

III. The evidence in this case indicates the child's best interests would be served by allowing him to remain with his mother in the home of the maternal grandparents.

The record not only shows a number of indiscretions on the part of appellant but it also shows a history of discord between her and her parents. Prior to her marriage she was an accomplice to some overnight partying on the part of her 14 year old sister when their parents thought the sister was spending the night with a friend. After the birth of the child, and at a time when she was separated from her husband, she surreptitiously moved into the home of some acquaintances for a week or two. While there she expressed hatred for her parents.

Neither has appellee shown the utmost stability. However, he seems to have held a steady job. He has paid the bills, including the hospital bill, and furnished food and milk for the baby. That he offered to furnish clothing is not seriously disputed. In this respect, however, the proof is rather undisputed that he turned the money over to his mother to pay the bills and furnish the food.

On the whole record and in consideration of the fact that the Chancellor saw the witnesses, we cannot say that the Chancellor did not act in the best interest of the child in awarding the custody to the father and in placing the terms and conditions thereon.

The evidence about appellant's life before she married was relevant to show the history of her parental attitudes.

The contention that custody should not be awarded to a party who does not appear in court to testify involves appellee's father. We find no merit in this contention.

Furthermore, Mr. Jackson was present in the court room and served as guardian and next of friend to appellee, a minor.

Affirmed.